UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rafic Shimonov, individually and on behalf of all others similarly situated;<br><br>                               Plaintiff,<br><br><br><br>    -v.-<br>Financial Recovery Services, Inc.<br>                               Defendant. | Civil Action No: 1:21-cv-04690<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rafic Shimonov (hereinafter, "Plaintiff"), individually an on behalf of all others similarly situated, by and through her attorneys, Horowitz Law, PLLC, complains, states and alleges against Defendant Financial Recovery Services, Inc. (hereinafter "Defendant" or "FRS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

1

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. Plaintiff is a natural person allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

7. Defendant Financial Recovery Services, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 4510 W 77th Street, Suite 200, Edina, MN 55435.

8. Upon information and belief, Defendant FRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

9. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

10. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b),

Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

11. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

13. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

15. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer*

*Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

16. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability my only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id*.

## CLASS ALLEGATIONS

17. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

18. Plaintiff seeks to certify a class of:

> All consumer to who Defendant FRS sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

19. This action seeks a finding that Defendant FRS's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. §1692k.

20. The Class consist of more than thirty-five persons.

21. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4

22.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a demeanor applicable to the Class as a whole such that declaratory relief is warranted.

23.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brough under consumer protection laws.

## FACTUAL ALLEGATIONS

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25.     Some time prior to August 20, 2020, an obligation was allegedly incurred to Barclays Bank Delaware by the Plaintiff.

26.     The Barclays Bank Delaware obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

27. The alleged Barclays Bank Delaware obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28. Barclays Bank Delaware is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29. Sometime thereafter, Defendant FRS was contracted by Barclays Bank Delaware to collect the alleged debt and is attempting to collect the alleged debt.

30. Defendant FRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

31. On or around August 20, 2020 the Plaintiff received a debt collection letter (the "Letter") from Defendant FRS regarding the alleged debt owed to FRS. **See Exhibit A**.

32. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The Letter was received and read by Plaintiff.

34. 15 U.S.C. §1692e protects Plaintiff's concrete interests. Plaintiff has the interest and the right to be free from deceptive and/or misleading communication for Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

35. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

36. 15 U.S.C. §1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. 15 U.S.C. §1692f protects Plaintiff's concrete interests. Plaintiff has the interest and the right to be free from any unfair or unconscionable means to collect a debt by Defendant.

38. The Letter presents three "Resolution Reduction Offer."

39. Option 1 provides "Pay the Balance Today."

40. Option 2 provides "Resolve it for less than the total balance due. Make a reasonable offer to resolve for less.******."

41. Option 3 provides; "Setup Monthly payments as low as $25.00."

42. Option 2 which provides for the consumer to submit an offer for less than the total balance, does not provide any guidance as to the parameters for acceptance of such offer.

43. Furthermore, the consumer is provided with payment coupons at the bottom of the letter with three payment coupons.

44. The Letter does not provide if these coupons are for Option 3 to set up monthly payments or if they are for Option 2 in which the settlement offer can be made in three installments.

45. Furthermore, Defendant FRS can presumably reject the offer if it decides to, but does not provide what happens to the payments the consumer has made using the payment coupons.

46. By failing to elaborate the intention of Option 2, the Letter is false, deceptive and misleading.

47. Due to Defendant's actions, Plaintiff was confused.

48. Plaintiff was misled as to the status of the debt and to his rights.

49. Defendant's actions were false, deceptive, and/or misleading.

50. Plaintiff was concerned and confused by the Letter.

51. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

52. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

53. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

54. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

55. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

56. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

57. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

58. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

59. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

60. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

61. Plaintiff repeats the above allegations as if set forth here.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

63. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64. Defendant violated § 1692e:

   1) As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate;

   2) By making a false and misleading representation in violation of § 1692e(10).

65. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

66. Plaintiff repeats the above allegations as if set forth here.

67. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

68. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

69. Defendant violated this section by unfairly misrepresenting Plaintiff's rights and misleading Plaintiff as to the proper course of action.

70. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rafic Shimonov, individually and on behalf of all others similarly situated, demands judgment from Defendant FRS as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Flushing, New York
August 20, 2021

*/s/ Uri Horowitz*
By: Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
Fax: (718) 705-8705
*Attorneys For Plaintiff*